## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 27 2020, 7:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald K. Smith
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Kyle L. Combs, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 27, 2020 <br><br> Court of Appeals Case No. 19A-CR-2231 <br><br> Appeal from the Delaware Circuit Court <br><br> The Honorable Marianne L. Vorhees, Judge <br><br> Trial Court Cause No. 18C01-1902-F4-7 |

**Crone, Judge.**

# Case Summary

Kyle L. Combs appeals his convictions, following a jury trial, for level 4 felony burglary, level 5 felony domestic battery, and class A misdemeanor invasion of privacy. He asserts that the trial court violated his constitutional rights and abused its discretion in admitting certain evidence, and that the State presented insufficient evidence to support his burglary conviction. Finding no constitutional violation or abuse of discretion, and finding sufficient evidence to support the burglary conviction, we affirm.

# Facts and Procedural History

On February 10, 2019, Combs, who was drunk and high, went to the apartment where his former girlfriend, C.S., lived with the couple's two children. C.S. was also pregnant with Combs's third child. C.S.'s neighbors heard arguing coming from the apartment and recognized the voices as belonging to Combs and C.S. After a period of time, C.S. came to the neighbors' door. She told them that she had gotten into a fight with Combs. She left one of her children with the neighbors and returned to her apartment. The neighbors then heard more yelling coming from the apartment and decided to call 911.

Approximately five minutes later, C.S. pounded on the neighbors' window, and they let her in their apartment. C.S. told them that she had climbed out her bedroom window to escape from Combs. C.S. was now "crying, upset, frantic, even more so than before." Tr. Vol. 2 at 112. C.S. had visible injuries on her

head and back, and she told the neighbors that Combs had caused those injuries.

[4] The neighbors locked their door as they waited for the police to arrive. They could hear Combs yelling C.S.'s name through a shared wall from the other apartment, and they could hear Combs kicking or hitting the wall, causing things to fall from their shelves. Combs exited C.S.'s apartment and began pounding on the neighbors' apartment door and yelling for C.S. He then "kick[ed] in" the door, damaging the door frame. *Id.* at 116. Combs "walk[ed] in" the apartment "holding the [door] frame" and "stepped on the linoleum." *Id.* One of the neighbors pulled out a weapon and told Combs "to get out." *Id.* Combs stepped out of the neighbors' apartment and went into C.S.'s apartment. The neighbors made a second call to 911. Officers located Combs passed out in C.S.'s apartment.

[5] The State charged Combs with level 4 felony burglary, level 5 felony domestic battery, level 6 felony domestic battery, class A misdemeanor invasion of privacy, and class B misdemeanor criminal mischief. The State subsequently dismissed the class B misdemeanor charge. A two-day jury trial began on August 5, 2019. The jury found Combs guilty on the remaining four charges. During sentencing, the trial court vacated the level 6 felony domestic battery conviction for double jeopardy purposes. The court sentenced Combs to consecutive sentences of seven years for level 4 felony burglary and four years for level 5 felony domestic battery, and a concurrent sentence of one year for the class A misdemeanor invasion of privacy. This appeal ensued.

# Discussion and Decision

## Section 1 – The trial court did not violate Combs's Sixth Amendment Rights.

We initially note that with regard to each issue raised, Combs fails to make a cogent argument. Indiana Appellate Rule 46(A)(8)(a) requires that an appellant's argument be supported by cogent reasoning and each contention must be supported by citations to the authorities and the parts of the appellate record relied upon. Combs's argument section of his brief contains only a single citation to the record on appeal, and other than a perfunctory assertion of each issue raised and citation to minimal legal authority, Combs does nothing to explain to this Court how the cited authority specifically supports his claims. Although Combs's failure has substantially impeded our appellate consideration of the alleged errors and surely rises to the level of warranting the waiver of his claims, *see Pierce v. State*, 29 N.E.3d 1258, 1267 (Ind. 2015) (waiver warranted when noncompliance with appellate rules substantially impedes consideration of issues), we choose instead to briefly address the merits of each of his claims.

Combs first argues that the trial court violated his Sixth Amendment right to confrontation in permitting certain hearsay testimony[1] from two medical

---

[1] Hearsay is an out-of-court statement offered for "the truth of the matter asserted[,]" Ind. Evidence Rule 801(c)(2), and is generally not admissible. Combs makes no argument regarding the admissibility of the hearsay statements pursuant to our rules of evidence.

providers who treated C.S. for her injuries following the domestic battery.[2] Specifically, Combs appears to complain that those providers were permitted to testify that, in the course of medical treatment, C.S. identified Combs as her attacker. Our supreme court has acknowledged that the federal constitution bars only "testimonial" hearsay statements, while statements made primarily for a "non-testimonial" purpose do not violate the Confrontation Clause. *Ward v. State*, 50 N.E.3d 752, 757 (Ind. 2016). In determining whether a statement is testimonial, the court applies the "primary purpose test," which involves a determination of "whether, in light of all the circumstances, viewed objectively, the 'primary purpose' of the conversation was to 'creat[e] an out-of-court substitute for trial testimony.'" *Id*. at 759 (quoting *Ohio v. Clark*, 135 S. Ct. 2173, 2180 (2015)).

[8]     Here, we have little difficulty concluding that the primary purpose of the identification statements made during C.S.'s medical treatment was non-testimonial. Indeed, this Court has recognized that due to the unique nature of cases involving child abuse, sexual assault, and/or domestic violence, identifying the attacker serves a primarily medical, not testimonial, purpose because a "physician generally must know who the abuser was in order to render proper treatment because the physician's treatment will necessarily differ

---

[2] The Confrontation Clause of the Sixth Amendment to the United States Constitution, which is made applicable to the States by the Fourteenth Amendment, provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him ...." U.S. CONST. amend. VI.

when the abuser is a member of the victim's family or household." *Id*. (citing *Nash v. State*, 754 N.E.2d 1021, 1025 (Ind. Ct. App. 2001)). Under the circumstances presented, we conclude that C.S.'s statements to the medical providers were non-testimonial and therefore did not run afoul of the Confrontation Clause.[3]

## Section 2 – The trial court did not abuse its discretion in admitting C.S.'s prior sworn written statement.

Combs next asserts that the trial court abused its discretion in admitting a prior sworn statement C.S. gave to police shortly after the attack in which she identified him as her attacker. The trial court has broad discretion to rule on the admissibility of evidence. *Thomas v. State*, 81 N.E.3d 621, 624 (Ind. 2017). Generally, evidentiary rulings are reviewed for an abuse of discretion and reversed when admission is clearly against the logic and effect of the facts and circumstances. *Id*.

Combs argues that C.S.'s prior sworn statement constituted inadmissible hearsay. However, Indiana Evidence Rule 801(d)(1)(C) provides that a statement is not hearsay if the declarant testifies and is subject to cross-examination about a prior statement, and the statement is an identification of a person shortly after perceiving the person. C.S.'s prior sworn statement was a

---

[3] Combs mentions the Indiana Constitution but fails to set forth a separate argument on that basis. Consequently, the issue is waived. *See Jackson v. State*, 925 N.E.2d 369, 372 n.1 (Ind. 2010) (holding that defendant's state constitutional claim was waived for failure to make a separate argument).

statement of identification given to officers at the scene almost immediately after perceiving Combs, and C.S. was available for cross-examination concerning the statement during trial. The trial court did not abuse its discretion in admitting the statement.

## Section 2 – The State presented sufficient evidence to support the burglary conviction.

[11] Combs challenges the sufficiency of the evidence supporting his level 4 felony burglary conviction. When reviewing a claim of insufficient evidence, we neither reweigh the evidence nor assess witness credibility. *Bell v. State*, 31 N.E.3d 495, 499 (Ind. 2015). We look to the evidence and reasonable inferences drawn therefrom that support the conviction, and will affirm if there is probative evidence from which a reasonable factfinder could have found the defendant guilty beyond a reasonable doubt. *Id*. In short, if the testimony believed by the trier of fact is enough to support the conviction, then the reviewing court will not disturb it. *Id*. at 500.

[12] Indiana Code Section 35-43-2-1(1) provides that a person who breaks and enters the dwelling of another person with intent to commit a felony therein commits level 4 felony burglary. The State presented evidence to establish that after Combs battered C.S., she climbed out her bedroom window and escaped to the neighbors' apartment. Combs then went to the neighbors' apartment and pounded on the locked door while yelling for C.S. Both neighbors testified that Combs kicked in their door and then stepped inside the apartment onto their

linoleum floor. Combs did not have permission to enter the apartment and left only after one of the neighbors confronted him with a weapon.

[13] Combs argues that the State failed to prove that he actually entered the neighbors' apartment, and he points to testimony from C.S. indicating that she did not see him step inside. This is merely an invitation for this Court to reweigh the evidence and reassess witness credibility on appeal, and we will not. As noted above, both neighbors testified that Combs stepped inside, and it was the jury's prerogative to weigh any conflicting evidence on this issue.

[14] Combs further asserts that the State failed to prove that he entered the neighbors' apartment with the intent to commit a felony therein. It is well settled that the "intent to commit a felony" element of burglary may be inferred from the circumstances. *Timmons v. State*, 500 N.E.2d 1212, 1216 (Ind. 1986). Here, Combs had just battered C.S., went searching for her, and then kicked in the neighbors' door while yelling her name. It was reasonable for the jury to infer that Combs intended to enter the apartment and commit felony battery against C.S. once inside. The State presented sufficient evidence to sustain Combs's conviction for level 4 felony burglary.

[15] Affirmed.

May, J., and Pyle, J., concur.